UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ZAITZEFF,<br><br>                Plaintiff,<br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>                Defendants. | CASE NO. C17-0184JLR<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

## I. INTRODUCTION

Before the court is Plaintiff David Zaitzeff's motion for a preliminary injunction. (Mot. (Dkt. # 14).) Mr. Zaitzeff seeks to enjoin Defendants City of Seattle ("the City") and King County Prosecutor Dan Satterberg (collectively, "Defendants") from enforcing Chapter 12A.14 of the Seattle Municipal Code ("SMC"), which proscribes certain uses of certain types of weapons. *See* SMC ch. 12A.14. The City opposes Mr. Zaitzeff's motion (Resp. (Dkt. # 20).) Mr. Satterberg has not filed a response. (*See* Dkt.) The court has reviewed the parties' filings in support of and in opposition to the motion, the relevant

ORDER - 1

portions of the record, and the applicable law. Considering itself fully advised,[1] the court DENIES Mr. Zaitzeff's motion.

## II. BACKGROUND

This action arises out of Mr. Zaitzeff's desire to carry a katana, nunchucks, a fixed-blade knife, or a spring-assisted opening knife at multiple street fairs and other public events in the Seattle area. (*See* Am. Compl. (Dkt. # 5) ¶¶ 8-46; Mot. at 1; *see also* 1st Zaitzeff Aff. (Dkt. # 15) at 2-5 (describing several instances in 2016 in which Mr. Zaitzeff openly carried a knife without incident); 2d Zaitzeff Aff. (Dkt. # 19) at 2-3 (identifying a subsequent encounter with Seattle police when Mr. Zaitzeff was "wearing a knife in a sheath held on a lanyward/necklace [sic] type item").) He alleges that Chapter 12A.14 of the SMC and RCW 9.41.250 prohibit him from such action in violation of his Second Amendment rights. (*See, e.g.*, Am. Compl. ¶¶ 101-43.) Mr. Zaitzeff therefore sues Defendants to have those laws declared unconstitutional. (*See generally id.*)

Because the University District Street Fair occurs on May 20-21, 2017, Mr. Zaitzeff seeks to preliminarily enjoin Defendants from enforcing Chapter 12A.14 of the SMC.[2] (*See* Mot. at 1-3, 5-6.) He also references several subsequent street fairs and

---

[1] Neither Mr. Zaitzeff nor the City request oral argument, and the court finds oral argument unnecessary to its disposition of Mr. Zaitzeff's motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Mr. Zaitzeff specifically seeks preliminary injunctive relief regarding Chapter 12A.14 of the SMC and not RCW 9.41.250. (Mot. at 5-6 ("Plaintiff Zaitzeff therefore asks the court for preliminary injunction forbidding the Seattle police department from enforcing SMC 12A.14 against plaintiff for his walks done while bearing the katana, fixed-bladed knife or nunchucks while at the u-district Street fair and/or on downtown sidewalks for weapons education walks of plaintiff.").)

ORDER - 2

similar neighborhood events that he hopes to attend. (*See, e.g.*, Am. Compl. ¶ 86.) His motion for a preliminary injunction is now before the court. (*See* Mot.)

### III. ANALYSIS

#### A. Legal Standard

To obtain a preliminary injunction relief, Mr. Zaitzeff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Preliminary injunctive relief is also "appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates that irreparable harm is likely and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

#### B. Mr. Zaitzeff's Motion

Mr. Zaitzeff's motion fails to address the elements necessary for preliminary injunctive relief and warrants denial on that basis alone. (*See generally* Mot.) However, the court has independently reviewed the motion and the related submissions.[3] (*See* 1st Zaitzeff Aff.; 2d Zaitzeff Aff.) Based on that review, the court concludes that Mr. Zaitzeff fails satisfy the *Winter* and *Cottrell* standards and denies his motion.

//

---

[3] Mr. Zaitzeff did not file a reply brief. (*See* Dkt.); Local Rules W.D. Wash. LCR 7(d)(3) ("Any reply papers shall be filed and served no later than the noting date.").

At a minimum, Mr. Zaitzeff must raise "serious questions going to the merits" of his claim. *See Cottrell*, 632 F.3d at 1134-35. Instead, he bases his claim on a legally unsupported reading of the Second Amendment and related precedent. (*See* Am. Compl. ¶¶ 66-76, 101-58; Mot. at 3.) Contrary to Mr. Zaitzeff's expansive reading of *District of Columbia v. Heller*, that case expressly limits the Second Amendment to "certain types of weapons," 554 U.S. at 623, and acknowledges that the right to bear arms, like the First Amendment's protection of free speech, is "not unlimited," *id.* at 595.

Mr. Zaitzeff has neither demonstrated that Chapter 12A.14 of the SMC burdens his Second Amendment rights, as historically understood, nor shown that the City's interest in public safety is insufficient to justify any attendant Second Amendment burden. *See Silvester v. Harris*, 843 F.3d 816, 820-22 (9th Cir. 2016) (synthesizing this two-step inquiry based on the Ninth Circuit's post-*Heller* case law).[4] Instead, he excerpts language from *Heller* and related opinions and omits important context that diminishes the likelihood of his success on the merits. (*See, e.g.*, Mot. at 5; Am. Compl. ¶¶ 104-05; *see also* Mot. at 3 (expressly basing his claim "on the dicta of" *Heller* and "the reasoning of" *Caetano v. Massachusetts*, --- U.S. ---, 136 S. Ct. 1027, 1027 (2016), a per curiam

---

[4] *See also City of Seattle v. Evans*, 366 P.3d 906, 912-14 (Wash. 2015) (rejecting the argument that all fixed-blade knives are constitutionally protected "arms"); *Maloney v. Singas*, 106 F. Supp. 3d 300, 312-14 (E.D.N.Y. 2015) (declining to conclude as a matter of law whether the Second Amendment protects nunchucks because both parties presented only anecdotal evidence of their modern usage); *Silvester*, 843 F.3d at 823 ("The case law in our circuit and our sister circuits . . . clearly favors the application of intermediate scrutiny in evaluating the constitutionality of firearms regulations, so long as the regulation burdens to some extent conduct protected by the Second Amendment. Critical to that analysis is identifying an important legislative objective and determining whether the regulation reasonably fits with the objective.").

opinion relating to stun guns).) At best, Mr. Zaitzeff's claim stretches the bounds of Second Amendment jurisprudence regarding the definition of "arms." (*See* Am. Compl. ¶¶ 101-59 (discussing the various weapons Mr. Zaitzeff seeks to carry and their historical use).) However, even assuming his weapons constitute arms, he makes no showing that the city's ordinance is likely to fail Second Amendment scrutiny. *See Silvester*, 843 F.3d at 821-22. Based on these numerous apparent flaws in the merits of Mr. Zaitzeff's claims, the court concludes that he has not shown serious questions going to the merits of the claim. *See Cottrell*, 632 F.3d at 1134-35.

For related reasons, the court concludes that Mr. Zaitzeff fails to demonstrate the balance of equities tip in his favor or that an injunction is in the public interest. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)) (reasoning that when the government is a party, the balance of equities and public interest factors merge). Chapter 12A.14 serves a public safety interest. *See* SMC § 12A.14. Absent a showing that raises serious questions regarding whether the law violates the Second Amendment, which Mr. Zaitzeff has not made here, the balance of equities and public interest favor enforcing, not enjoining, the provision. *See Winter*, 555 U.S. at 20.

Finally, any injury Mr. Zaitzeff would face from enforcement of Chapter 12A.14 is speculative. *Cf. id.* at 22 (requiring that a plaintiff seeking preliminary injunctive relief show that the irreparable injury is "likely"); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980); *Goldie's Bookstore, Inc. v.*

*Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984)) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (internal citation omitted)). Mr. Zaitzeff concedes that he will only attend the University District Street Fair in fair weather. (Mot. at 1.) He lists several other contingencies on which his attendance depends, including whether he is near Seattle, his health, and whether he has other commitments. (Am. Compl. ¶ 10.) And despite attending the University District Street Fair "dozens" of times (Mot. at 1; *see also* Am. Compl. ¶¶ 8-10, 12), he has "never borne the katana or any other weapon" there (Am. Compl. ¶ 57). Based on these contingencies, the court concludes that Mr. Zaitzeff has not demonstrated that he will "likely" incur irreparable injury in the absence of preliminary injunctive relief. *See Caribbean Marine*, 844 F.2d at 674.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Zaitzeff's motion for a preliminary injunction (Dkt. # 14).

Dated this 16th day of May, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 6