UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ZAITZEFF,

            Plaintiff,

  v.

CITY OF SEATTLE, et al.,

            Defendants.

CASE NO. C17-184 MJP

ORDER ON MOTION TO DISMISS: LACK OF STANDING

The Court has received and reviewed:

1. City of Seattle's Motion to Dismiss for Lack of Standing (Dkt. No. 43) and King County's Joinder (Dkt. No. 44);
2. Plaintiff's Affidavit re SMC 12A.14.080 for January 2018 (Dkt. No. 47) and Affidavit re RCW 9.41.250 for January 2018 (Dkt. No. 48);
3. City of Seattle's Reply in Support of Motion to Dismiss for Lack of Standing (Dkt. No. 50) and Dan Satterberg's Consolidated Reply to Plaintiff's Affidavits and in Support of City of Seattle's Motion to Dismiss (Dkt. No. 49);

all attached declarations and exhibits; and relevant portions of the record, and rules as follows:

IT IS ORDERED that the motion is GRANTED. Plaintiff's Amended Complaint is DISMISSED for lack of standing; as further amendment would not cure the complaint's defects, the dismissal shall be with prejudice.

IT IS FURTHER ORDERED that the remaining pending motions in this matter are all STRICKEN as moot.

**Background**

This is the second lawsuit Plaintiff has pursued regarding the issues before the Court. Plaintiff's first lawsuit consisted of a facial challenge to the constitutionality of Seattle Municipal Code ("SMC") 12A.14.080 and .083 and RCW 9.41.250, both concerned with restrictions on the carrying or possession of identified weapons. *See* Zaitzeff v. City of Seattle, et al., No. 2:16-CV-00244-BAT, 2016 WL 6084930 at *1-2 (W.D. Wash. Oct. 18. 2016); *also* Dkt. No. 5, Amended Complaint ("AC"), ¶¶ 1-2. Plaintiff's first lawsuit was dismissed without prejudice for lack of standing on the ground (among others) that the laws to which Plaintiff objected had not been enforced against him, thus he could not plead an actual, imminent or impending injury. Id. at *5-*6. That result has been upheld on appeal. *See* 9th Cir. Case No. 16-35955.

The present litigation represents Plaintiff's attempt to establish standing with amended allegations. AC at ¶ 1. While the vast majority of his 30 pages of pleadings consist primarily of Plaintiff's opinions and conclusory legal statements, it does allege that Plaintiff "desires to possess and/or carry" any and all of the weapons restricted by SMC 12A.14.080 and .083 and RCW 9.41.250. AC at ¶ 112. He asserts that he has "new facts" which alter the analysis regarding his standing to bring this lawsuit, including allegations that he intended "to carry his katana and/or a fixed blade knife and/or a spring assisted opening knife at the U-district Street

Fair" on May 20-21, 2017. AC at ¶ 13. Plaintiff indicates that he inquired of an SPD officer on February 7, 2017 concerning these intentions and was advised that he could be "cited for the illegal use of weapons" should he appear at the Street Fair carrying those items (and also asserts that he was similarly advised at the 2016 Street Fair). AC at ¶¶ 15-20, 24-25.

An initial attempt to obtain a preliminary injunction prior to the 2017 Street Fair was rejected on the grounds that Plaintiff "ha[d] not shown any serious questions regarding the merits of his claim" and that "any injury [he] would face from enforcement of Chapter 12A.14 is speculative." (Dkt. No. 21.) A visit to the 2017 Street Fair (openly carrying a fixed-blade knife) reportedly resulted in contact from officers of SPD but no arrests or citations. (*See* Dkt. No. 34, Kennedy Decl., Ex. A; an email from Plaintiff entitled "Summary of 'knife' weekend.")

Plaintiff has since brought several additional motions, including a "Motion to Rule That [he] has Standing" (Dkt. No. 27), a motion for leave to amend his complaint again to allege an August encounter with SPD (Dkt. No. 39), and a motion for return of his katana (which was seized when he wore it to a political rally in November 2017; *see* Dkt. No. 38) and to further allege financial damages resulting from the seizure. All of those motions have been stayed pending a ruling on the present motion. (Dkt. No. 46.)

Additionally, the parties have recently filed a Stipulated Motion for Continuance of Dispositive Motions Deadline and Corresponding Continuance of Trial. (Dkt. No. 51.)

**Discussion**

Legal standard

In the absence of Article III standing, a federal court has no jurisdiction to adjudicate a plaintiff's claims. FRCP 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The burden of establishing

standing under Article III falls on Plaintiff. <u>Lujan v. Defs. Of Wildlife</u>, 504 U.S. 555, 561 (1992).

Establishing standing requires Plaintiff to demonstrate an "injury in fact" that is not only "concrete and particularized," but also "actual or imminent." <u>Id.</u> A "conjectural or hypothetical" injury" – one that may happen "someday" – will not support a finding of standing. <u>Id.</u> at 561, 564. Critically for Plaintiff's case, that injury must be present at the beginning of the litigation (<u>Davis v. FEC</u>, 554 U.S. 724, 732 (2008)), either as an "actual" injury or one that is "*certainly* pending" at the time. <u>Lujan</u>, 504 U.S. at 564 n.2 (emphasis in original).

The issues presented by Plaintiff's case is whether standing can be established (1) by reference to an alleged threat of enforcement which never occurred or (2) through allegations of events which occurred following the filing of the complaint?

<u>Plaintiff lacked standing at the outset of the complaint and could not later create it</u>

Plaintiff's lawsuit can best be characterized as a "pre-enforcement challenge" – his Amended Complaint contains no allegations that the restrictions to which Plaintiff objects had ever been enforced against him in any fashion. It is the rule in the Ninth Circuit that only by demonstrating "a genuine threat of imminent prosecution" may a plaintiff challenge a statute which has not yet been enforced against him. <u>Thomas v. Anchorage Equal Rights Comm'n</u>, 220 F.3d 1134, 1139 (9th Cir. 2000).

That "genuine threat" must be established by proof of (1) a "concrete plan to violate the law in question," (2) a "specific warning or threat to initiate proceedings" by governmental authorities and (3) a "history of past prosecution" under the challenged statute. Plaintiff attempted to establish the first two elements of this test with allegations of a plan to violate the laws in question at the 2017 Street Fair which he had discussed with police officers who

allegedly advised him he could be arrested if he went through with the plan. (AC at ¶¶ 13, 15-25.)

Plaintiff's attempt was unsuccessful. His plan to provoke an arrest or citation by open-carrying his weapon at the Street Fair on May 20 or 21, 2017 resulted in no arrests or citations. (*See* Dkt. No. 34, Decl. of Kennedy, Ex. A, emails from Plaintiff.) His "threat of imminent prosecution" turned out to be purely speculative, with no "injury in fact" or "genuine threat of injury" upon which to establish his standing based on the circumstances at the inception of his lawsuit.

"[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought." Keene Corp. v. United States, 508 U.S. 200, 207 (1993). Plaintiffs may not create standing *ex post facto* based on events which post-date the filing of their complaint. *See* Paradise Creations, Inc. v. UV Sales, Inc. 315 F.3d 1304, 1308-09 (Fed. Cir. 2003)(a plaintiff who lacks standing at the outset of the suit cannot manufacture standing based on events following the filing).

Plaintiff, however, has contended that events which occurred in August and November of 2017 can be used to bootstrap him into standing to pursue a lawsuit filed in February of 2017. Regardless of whether the later events might create standing for another lawsuit, the Court cannot and will not permit them to be used retroactively in this litigation to cure the defects in Plaintiff's case. Not only would this be a violation of clearly established precedent, but it is against public policy: the Court will not be seen to encourage members of the public (especially ones who are attempting to create constitutional controversy by carrying weapons in public) to manufacture standing by provoking law enforcement into arresting them <u>after</u> they have filed a lawsuit challenging the constitutionality of a statute.

Plaintiff's affidavits contain further assertions of his intent to carry prohibited weapons at future events, and further allegations of conversations with police officers who advised him that they would enforce the statutes if they observed him violating them. It is insufficient. A hypothetical plan or general, unspecified intent to violate a statute at an unknown date in the future does not rise to the level of "concrete plan" that is required. Thomas, *supra*, 220 F.3d at 1139. The same can be said of a generalized threat of prosecution (as opposed to a specific warning or threat to commence proceedings). Id.

The Court notes that, outside of adding additional allegations of post-filing events and re-asserting his plans to violate one or more statutes, Plaintiff has not responded to Defendants' motion with a single legal theory nor cited a single case in support of his standing to bring this action based on his allegations at the time of filing of his complaint. It is a resounding silence, speaking volumes about the merits of his case when he originally brought it – i.e., the merits upon which Defendants' motion must be evaluated.

**Conclusion**

Plaintiff's complaint fails to articulate an "injury in fact" or a "genuine threat of imminent prosecution." He will not be permitted to utilize events occurring after the filing of his complaint to backfill the deficiencies in his pleading. Defendants' motion to dismiss will be GRANTED. Because Plaintiff has articulated no means by which the defects in his complaint could be cured through amendment, the dismissal will be with prejudice.

In addition to Defendants' motion to dismiss, there were a number of motions from Plaintiff pending at the time this motion came ripe. The motions concerned further attempts by Plaintiff to create a justiciable controversy using events which occurred after the filing of his complaint. As evidenced by this ruling, the attempts are non-meritorious and the remaining

motions will be STRICKEN as moot in light of the dismissal of Plaintiff's complaint. The most recent stipulated motion to continue the dispositive motions deadline and the trial date is likewise unnecessary and will be stricken.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated: February 2, 2018.

Marsha J. Pechman
United States District Judge